IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ACEVEDO, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| INTERCONTINENTAL TERMINALS | § | |
| COMPANY LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
<u>NOTICE OF REMOVAL</u>**

Defendant Intercontinental Terminals Company LLC ("ITC") hereby removes this action from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

### I.   Introduction

1. On September 17, 2019, Plaintiffs[1] commenced a civil action against ITC in the 129th Judicial District Court of Harris County, Texas, bearing Cause No. 2019-67352, styled *Juan Acevedo, et al. v. Intercontinental Terminals Company LLC*.[2]

2. Plaintiffs instituted this lawsuit following the fire that occurred at ITC's Deer Park facility beginning on March 17, 2019. Plaintiffs contend that ITC "released numerous chemicals

---

[1] Plaintiffs are 660 individuals (identified in Exhibit A to Plaintiffs' Petition) who seek recovery for alleged personal injuries, lost wages, and/or loss of business income.

[2] Pl. Pet. (Ex. A).

1

into the air including, Naphtha, Xylene, Toluene, and Benzene"[3] and assert claims of negligence, private and public nuisance, and trespass against ITC.[4]

3. ITC was served on September 20, 2019 with Plaintiff's Petition.[5]

4. This Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy for each of the Plaintiffs' claims exceeds the sum of $75,000, exclusive of costs and interest, and ITC is diverse from Plaintiffs. In the alternative, to the extent any individual Plaintiff's claims do not satisfy the amount-in-controversy requirement, this Court can exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367, because it is facially apparent that a significant percentage of the Plaintiffs' claims in this matter satisfy the amount in controversy, and all of the Plaintiffs' claims are so related that they form part of the same case and controversy.

5. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II. Removal is Proper in This Case

**A. The amount in controversy exceeds $75,000.**

6. Plaintiffs claim that they each assert "separate and distinct injuries with damages of LESS than $75,000, excluding interest and costs" and that "[t]here is nothing in this petition that would support an award of over $75,000 per individual plaintiff."[6] These assertions notwithstanding, it is facially apparent from Plaintiff's Petition that the amount in controversy is

---

[3] Pl. Pet. ¶ 15 (Ex. A).

[4] *Id.* at ¶¶ 21–30.

[5] Citation served on ITC (Ex. B).

[6] Pl. Pet. ¶ 6 (Ex. A).

likely to exceed $75,000 for each of the individual Plaintiffs and that Plaintiffs' contentions to the contrary were included solely to defeat diversity.

7. Texas Rule of Civil Procedure 47 requires that a plaintiff include one of five designated damages ranges in the plaintiff's petition. Less than $75,000 is not one of those options. *See* Tex. R. Civ. P. 47(c). As this Court has previously held, a petition that violates Texas Rule of Civil Procedure 47 by explicitly pleading that damages are less than $75,000 is evidence of a bad faith attempt to avoid removal. *Chavez v. State Farm Lloyds*, 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016), *aff'd*, 746 Fed. Appx. 337 (5th Cir. 2018) ("Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because 'such manipulation is surely characterized as bad faith.'").

8. The Fifth Circuit has recognized that allowing plaintiffs to bar federal jurisdiction by pleading less than the jurisdictional amount "may allow plaintiffs to manipulate federal jurisdiction if their pleadings do not limit the actual damages they ultimately may collect," and has "spoken adamantly" of "preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995).

9. It is apparent from the face of the Petition that the amount in controversy for each of the Plaintiffs exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiffs allege that ITC is liable to them on claims of negligence, private nuisance, public nuisance, and trespass in connection with a fire at ITC's Deer Park facility that burned for several days and allegedly resulted in impacts to Plaintiffs continuing for weeks after the fire.[7] While Plaintiffs

---

[7] Pl. Pet. ¶¶ 21–30 (Ex. A).

3

alleged damages are not identical, they all seek to recover for some form of personal injury damages, lost wages, and/or lost business income, describing the damages allegedly resulting from the fire as including: (a) medical expenses in the past and into the future, (b) pain and suffering in the past and into the future, (c) mental anguish in the past and into the future, (d) physical impairment in the past and into the future, and/or (e) business losses, lost profits, and business interruption losses.[8]

10. Plaintiffs' Petition goes on to provide that they seek "[a]ll actual, special, consequential, incidental, and other damages, harms and losses, including but not limited to loss of market value of land, cost of repair, loss of use of land, out of pocket damages, lost profits and loss of business goodwill, as well as all bodily injury damages," among other relief.[9]

11. Finally, *all Plaintiffs* seek exemplary damages based on ITC's alleged trespass.[10] ITC rejects Plaintiffs' contention that exemplary damages are warranted in this matter. Nevertheless, "[t]he Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law." *Holland v. CitiMortgage, Inc.*, No. 4:16-CV_3219, 2017 WL 1409137, at *1 (S.D. Tex. Apr. 20, 2017). "Under the Texas Civil Practice and Remedies Code, a plaintiff is entitled to recover exemplary damages if he proves, by clear and convincing evidence, that the defendant acted fraudulently, maliciously, or with gross negligence." *Id.* (quoting *Mannon v. Tejas Toyota, Inc.*, 162 S.W.3d 743, 757 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). This is no less true for claims sounding in trespass. *Wilen v. Falkenstein*, 191

---

[8] Pl. Pet. ¶ 32 (Ex. A).

[9] *Id.* ¶ 34.

[10] *Id.* ¶ 30.

S.W.3d 791, 800 (Tex. App.—Fort Worth 2006, pet. denied) (holding that plaintiff was entitled to recover exemplary damages in trespass action where trespass was committed maliciously).

12. Exemplary damages under Texas law "may not exceed an amount equal to the greater of . . . [(1)] two times the amount of economic damages; plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." Tex. Civ. Prac. & Rem. Code § 41.003. Given these caps, a claim for exemplary damages, standing alone, is sufficient to establish that the amount in controversy is satisfied. *See Jasso v. State Farm Lloyds*, No. 1:15-CV-203, 2015 WL 13674737, at *3 (S.D. Tex. Dec. 31, 2015), report and recommendation adopted, No. 1:15-CV-203, 2016 WL 10788075 (S.D. Tex. Jan. 19, 2016) ("[I]t is apparent form the face of [Plaintiff's] Original Petition that the amount in controversy likely exceeds $75,000 because [Plaintiff] has asserted a claim for exemplary damages that could result in an award of $200,000 or more.").

13. Plaintiffs' claims against ITC to recover for the above injuries, both past and future, along with their claims for exemplary damages under Texas law, make it abundantly clear that the individual Plaintiffs' claims satisfy the amount-in-controversy requirement, notwithstanding Plaintiffs' self-serving statements to the contrary. *See Chavez*, 2016 WL 641634, at *2; *Jasso*, 2015 WL 13674737, at *3.

14. At a minimum, and for the reasons described above, the amount-in-controversy requirement is satisfied with respect to the approximately 160 Plaintiffs who seek to recover personal injury damages, lost wages, and exemplary damages.[11] To the extent any of the remaining Plaintiffs' claims do not satisfy the amount-in-controversy requirement, the Court can exercise

---

[11] As noted above, there are 660 total Plaintiffs in this lawsuit, with some seeking to recover for alleged personal injuries, others seeking to recover for alleged lost wages or business income, and approximately 160 seeking to recover for some combination of personal injury and economic damages. Ex. A to Pl. Pet. (Ex. A). In addition, all of the Plaintiffs seek to recover exemplary damages. Pl. Pet. (Ex. A) ¶ 30.

supplemental jurisdiction over those claims pursuant to 28 U.S.C. 1367(a). *E.g.*, *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005) ("when the well-pleaded complaint contains at least one claim that satisfies the amount in controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim."); *Doss v. NPC Intern., Inc.*, CIVA4:10-CV-17SADAS, 2010 WL 1759153, at *6 (N.D. Miss. Apr. 29, 2010) (stating that court could exercise supplemental jurisdiction over claims that did not satisfy amount in controversy following removal where the claims of one plaintiff exceeded $75,000).

## B.    There is complete diversity of citizenship.

15.    At the time this action was commenced and at present, Plaintiffs were and remain citizens of the State of Texas.[12]

16.    At the time this action was commenced and at present, ITC was and is a Delaware limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ITC's sole member, Mitsui & Co. (U.S.A.), Inc. ("Mitsui USA"), is a New York corporation with its principal place of business in New York, at 200 Park Avenue, New York, NY 10166. For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, for purposes of diversity jurisdiction, Mitsui USA is a citizen of New York; accordingly, ITC is a citizen of New York. *See Harvey*, 542 F.3d at 1080.

---

[12]    Pl. Pet. ¶ 6 (Ex. A).

6

17. Because Plaintiffs are citizens of Texas and ITC is a citizen of New York, complete diversity is present. Plaintiffs concede as much in their Petition, stating "Plaintiffs and the defendant are diverse for all legal purposes."[13]

**C.    The Procedural Requirements for Removal Have Been Satisfied.**

18. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of September 20, 2019—the date ITC was served with Plaintiffs' Petition.

19. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

20. Pursuant to 28 U.S.C. § 1446(d), ITC is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C § 1446(d).

21. Pursuant to Local Rule 81 for the Southern District of Texas, ITC attaches the following indexed documents to this removal:

> (i)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);
>
> (ii)   All executed process in the case (Exhibit B);
>
> (iii)  All orders signed by the State Judge (Exhibit C);
>
> (iv)   The docket sheet (Exhibit D);
>
> (v)    An index of matters being filed (Exhibit E); and
>
> (vi)   A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

---

[13]    Pl. Pet. ¶ 6 (Ex. A).

22. ITC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

### III. Conclusion

ITC prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

Dated: October 17, 2019

OF COUNSEL:
Michael S. Goldberg
Texas Bar No. 08075800
Federal I.D. No. 01279
Benjamin Gonsoulin
Texas Bar No. 24099682
Federal I.D. No. 2969896
Kelly Hanen
Texas Bar No. 24101862
Federal I.D. No. 3038458
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
michael.goldberg@bakerbotts.com
ben.gonsoulin@bakerbotts.com
kelly.hanen@bakerbotts.com

Ivan M. Rodriguez
Texas Bar No. 24058977
Federal I.D. No. 4566982
Marc G. Matthews
Texas Bar No. 24055921
Federal I.D. No. 705809
Michael E. Streich
Texas Bar No. 24079408
Federal I.D. No. 1339959
PHELPS DUNBAR LLP
500 Dallas, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
ivan.rodriguez@phelps.com
marc.matthews@phelps.com
michael.streich@phelps.com

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Russell C. Lewis*
    Russell C. Lewis
    Attorney-in-Charge
    Texas Bar No. 24036968
    Federal I.D. No. 569523
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone: (713) 229-1767
    Facsimile: (713) 229-2867
    russell.lewis@bakerbotts.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## **CERTIFICATE OF SERVICE**

This certifies that a copy of the above and foregoing was sent by electronic mail to Matthew R. Willis, Brent Coon & Associates, 300 Fannin, Houston, Texas 77002, on this 17th day of October, 2019.

>  */s/ Russell C. Lewis*
>  Russell C. Lewis